Scott Alan Burroughs (SBN 235718)
scott@donigerlawfirm.com
Frank R. Trechsel (SBN 312199)
ftrechsel@donigerlawfirm.com
DONIGER/BURROUGHS
603 Rose Avenue
Venice California 90291
Telephone: (310) 590-1820

*Attorneys for Plaintiff*

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANTHONY AYIOMAMITIS, an individual,<br><br>Plaintiff,<br><br>v.<br><br>BEATS MEDIA HOLDINGS LLC, a Delaware limited liability company; BUKISA MEDIA, LLC, a Delaware limited liability company; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:<br><br>**Plaintiff's Complaint for**:<br><br>1. Copyright Infringement; and<br>2. Vicarious and/or Contributory Copyright Infringement<br><br>**Jury Trial Demanded** |

Plaintiff ANTHONY AYIOMAMITIS, by and through his undersigned attorneys, hereby prays to this honorable Court for relief based on the following:

## JURISDICTION AND VENUE

1. This action arises under the Copyright Act of 1976, Title 17 U.S.C., § 101 *et seq*.

2. This Court has federal question jurisdiction under 28 U.S.C. § 1331 and 1338 (a) and (b).

3. Venue in this judicial district is proper under 28 U.S.C. § 1391(c) and 1400(a) in that this is the judicial district in which a substantial part of the acts and omissions giving rise to the claims occurred.

## PARTIES

4. Plaintiff ANTHONY AYIOMAMITIS ("AYIOMAMITIS") is an individual residing in the Athens, Greece.

5. Plaintiff is informed and believes and thereon alleges that Defendant BEATS MEDIA HOLDINGS LLC ("BEATS") is a Delaware limited liability company with a principal place of business at 4804 Laurel Canyon Boulevard, Studio City, California 91607 and is the owner of BUKISA MEDIA, LLC and does business in and with the state of California and this District.

6. Plaintiff is informed and believes and thereon alleges that Defendant BUKISA MEDIA, LLC ("BUKISA") is a Delaware limited liability company with a principal place of business at 4804 Laurel Canyon Boulevard, Suite 236, Studio City, California 91607 and is the owner of the websites at *www.bukisa.com* and *www.gotgravy.com* and does business in and with the state of California and this District.

7. Plaintiff is informed and believes and thereon alleges that Defendants DOES 1 through 10, inclusive, are other parties not yet identified who have infringed Plaintiff's copyrights, have contributed to the infringement of Plaintiff's copyrights, or have engaged in one or more of the wrongful practices alleged herein. The true

names, whether corporate, individual or otherwise, of DOE Defendants 1 through 10, inclusive, are presently unknown to Plaintiff, who therefore sues said Defendants by such fictitious names, and will seek leave to amend this Complaint to show their true names and capacities when same have been ascertained.

8. Plaintiff is informed and believes and thereon alleges that at all times relevant hereto each of the Defendants was the agent, affiliate, officer, director, manager, principal, alter-ego, and/or employee of the remaining Defendants and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment; and actively participated in or subsequently ratified and/or adopted each of the acts or conduct alleged, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each violation of Plaintiff's rights and the damages to Plaintiff proximately caused thereby.

## **CLAIMS RELATED TO SUBJECT PHOTOGRAPH**

9. Plaintiff AYIOMAMITIS created and owns the original photograph of historical Greek artifacts at issue in this litigation (the "Subject Photograph") that was first published abroad. Plaintiff is the sole owner of the exclusive rights in the Subject Photograph, which is depicted in **Exhibit A**.

10. The Subject Photograph is not a United States work within the meaning of 17 U.S.C. § 101.

11. As a result of the foregoing, Plaintiff is exempt from the registration requirements set out at 17 U.S.C., § 411(a).

12. Plaintiff registered the Subject Photograph with the United States Copyright Office effective July 14, 2018, under registration number VA 2-112-849.

13. Plaintiff is informed and believes and thereon alleges that following its publication and display of the Subject Photograph, BEATS, BUKISA, DOE Defendants, and each of them used the Subject Photograph without Plaintiff's authorization for commercial purposes in various ways, including, but not limited to, the use on the websites *www.bukisa.com* and *www.gotgravy.com*.

14. The Subject Photograph and exemplar screen captures of Defendants' website with the Subject Photograph embedded are set forth in **Exhibit A** ("Infringing Content").

15. Plaintiff has not in any way authorized Defendants, or any of them, to copy, reproduce, duplicate, disseminate, distribute, create derivative works of, or otherwise exploit the Subject Photograph. The Defendants did not contact Plaintiff and obtain a license to use the Subject Photograph before the exploitation at issue.

16. On November 14, 2022, Plaintiff, through his attorneys, sent a letter to Defendants notifying them of their infringing activity and demanding that Defendants cease and desist all infringing uses of Plaintiff's copyrighted work. Defendants failed to resolve the matter, necessitating this action.

## FIRST CLAIM FOR RELIEF

(For Copyright Infringement - Against All Defendants, and Each)

17. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraph.

18. Plaintiff alleges on information and belief that Defendants, and each of them, accessed the Subject Photograph by without limitation, viewing the Subject Photograph on Plaintiff's website or social media profiles, on other sites online, or in physical publications. The identicality of the copying also shows access.

19. Plaintiff alleges on information and belief that Defendants, and each of them, copied, reproduced, displayed, and distributed the Subject Photograph online at least on the website(s) bearing the URL(s) depicted in **Exhibit A** hereto.

20. Plaintiff alleges on information and belief that Defendants, and each of them, infringed Plaintiff's copyrights by creating infringing derivative works from the Subject Photograph and publishing same to the public.

21. Due to Defendants', and each of their, acts of infringement, Plaintiff has suffered general and special damages in an amount to be established at trial.

///

22. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photograph in an amount to be established at trial.

23. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up one hundred fifty thousand dollars ($150,000.00) per infringement and/or a preclusion from asserting certain equitable and other defenses.

## **SECOND CLAIM FOR RELIEF**

(For Vicarious and/or Contributory Copyright Infringement – Against all Defendants, and Each)

24. Plaintiff repeats, re-alleges, and incorporates herein by reference as though fully set forth, the allegations contained in the preceding paragraphs of this Complaint.

25. Plaintiff alleges on information and belief that Defendants knowingly induced, participated in, aided and abetted in and profited from the illegal reproduction and distribution of the Subject Photograph as alleged hereinabove. Such conduct included, without limitation, publishing photographs obtained from third parties that Defendant(s) knew, or should have known, were not authorized to be published by Defendant(s); publishing the Infringing Content on affiliate, third-party, and social media sites; and distributing the Infringing Content to third-parties for further publication.

26. Plaintiff alleges on information and belief that Defendants, and each of them, are vicariously liable for the infringement alleged herein because they had the

right and ability to supervise the infringing conduct and because they had a direct financial interest in the infringing conduct. Specifically, Defendants, and each of them, received revenue in connection with the Infringing Content, and were able to supervise the distribution, broadcast, and publication of said content.

27. By reason of the Defendants', and each of their, acts of contributory and vicarious infringement as alleged above, Plaintiff has suffered general and special damages in an amount to be established at trial.

28. Due to Defendants' acts of copyright infringement as alleged herein, Defendants, and each of them, have obtained direct and indirect profits they would not otherwise have realized but for their infringement of Plaintiff's rights in the Subject Photograph. As such, Plaintiff is entitled to disgorgement of Defendants' profits directly and indirectly attributable to Defendants' infringement of Plaintiff's rights in the Subject Photograph, in an amount to be established at trial.

29. Plaintiff alleges on information and belief that Defendants, and each of them, have committed acts of copyright infringement, as alleged above, which were willful, intentional and malicious, which further subjects Defendants, and each of them, to liability for statutory damages under Section 504(c)(2) of the Copyright Act in the sum of up to $150,000.00 per infringement and/or a preclusion from asserting certain equitable and other defenses.

## PRAYER FOR RELIEF

Wherefore, Plaintiff prays for judgment as follows:

**Against all Defendants, and Each, with Respect to Each Claim for Relief:**

a. That Defendants—each of them—and their respective agents and servants be enjoined from importing, manufacturing, distributing, offering for sale, selling or otherwise trafficking in any product that infringes Plaintiff's copyrights in the Subject Photograph;

b. That Plaintiff be awarded all profits of Defendants, and each of them, plus all losses of Plaintiff, the exact sum to be proven at the time of trial,

      or, if elected before final judgment, statutory damages as available under the Copyright Act, 17 U.S.C. § 101 et seq.;

c. That Plaintiff be awarded its attorneys' fees as available under the Copyright Act U.S.C. § 101 et seq.;

d. That Plaintiff be awarded pre-judgment interest as allowed by law;

e. That Plaintiff be awarded the costs of this action; and

f. That Plaintiff be awarded such further legal and equitable relief as the Court deems proper.

Plaintiff demands a jury trial on all issues so triable pursuant to Fed. R. Civ. P. 38 and the 7th Amendment to the United States Constitution.

Respectfully submitted,

Dated: January 4, 2024    By:    */s/ Scott Alan Burroughs*
Scott Alan Burroughs, Esq.
Frank R. Trechsel, Esq.
DONIGER/BURROUGHS
*Attorneys for Plaintiff*